UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES GRAND JURY TRIBUNAL, THE PEOPLE, <br><br> Plaintiff <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants | 2:19-cv-00407-JAW |

### RECOMMENDED DECISION
### AFTER REVIEW OF PLAINTIFF'S FILING

In a pleading signed by an unidentified individual, Plaintiff apparently attempts to assert an action against members of the federal government and the federal judiciary. Upon review of the Plaintiff's submissions, dismissal, without further proceedings, is warranted. Accordingly, I recommend the Court dismiss the matter.

### DISCUSSION

Plaintiff has not paid the filing fee, nor has Plaintiff applied for and been granted in forma pauperis status. "A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action for a party's failure to prosecute. Plaintiff has failed to satisfy a prerequisite to the filing of an action in this Court (i.e., pay the filing fee or file an application to proceed in forma pauperis) and thus Plaintiff

has failed to take the measures necessary to prosecute its claim. While in many cases, the Court might permit a plaintiff the opportunity to cure the deficiency before dismissing the matter, even if Plaintiff paid the filing fee or obtained leave to proceed in forma pauperis, Plaintiff could not proceed.

First, Plaintiff does not appear to be a legal entity that can commence an action. "The capacity of [an organization] to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Van Dusen v. Barrack*, 376 U.S. 612, 615 n.1 (1964). Plaintiff makes no claim that it is registered as a legal entity in any state. As such, its capacity to sue is determined by the law of this district. "In Maine, an unincorporated association generally 'does not have capacity to sue or be sued in its own name, absent specific statutory authorization.'" *K & S Servs., Inc. v. The Schulz Elec. Group of Cos.*, 670 F. Supp. 2d 91, 93 (D. Me. 2009) (quoting *Tisdale v. Rawson*, 822 A.2d 1136, 1140 (Me. 2003)).[1] Plaintiff has alleged no facts to suggest that it constitutes an organization authorized by Maine law to be a party in litigation.

In addition, Plaintiff's filing does not appear to have been signed by a member of the bar of this Court. *See* District of Maine Local Rule 83.1(c) ("[n]o person who is not a member in good standing of the bar of this Court shall appear on behalf of another person except [under circumstances not applicable to this case]").

---

[1] Maine grants various organizational forms the capacity to sue or be sued. *See, e.g.*, 9-B M.R.S. § 412(2) (financial institutions organized under chapters 31 and 32); 13-B M.R.S. § 202(1)(B) (non-profit corporations); 31 M.R.S. §1035(1) (partnerships).

Furthermore, to the extent Plaintiff, which describes itself as a grand jury, purports to assert a criminal action, Plaintiff has no authority to initiate criminal proceedings. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution."); *Briand v. Lavigne*, 223 F. Supp. 2d 241, 251 (D. Me. 2002) (citing *Cok*).

In sum, by failing to pay the filing fee or obtain leave of Court to proceed in forma pauperis, Plaintiff has failed to prosecute the matter. Plaintiff also has not demonstrated that it has the authority to proceed in this matter.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of September, 2019.